**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 3, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KATHY LUNDAHL,

      Plaintiff-Appellant,

v.

PENNSYLVANIA
MANUFACTURERS ASSOCIATION
INSURANCE COMPANY, a foreign
corporation,

      Defendant-Appellee.

No. 11-6050
(D.C. No. 5:09-CV-01186-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

Kathy Lundahl appeals from the district court's order denying leave to

amend her complaint on futility grounds and from the summary judgment entered

in favor of Pennsylvania Manufacturers Association Insurance Co. ("PMAIC").

Her case was based on PMAIC's denial of her claim for insurance coverage of a

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

burglary to her apartment.  Exercising diversity jurisdiction under 28 U.S.C. §§ 1291 & 1332(a)(1), we affirm.

## I.  Background

The parties are familiar with the facts, so we provide only a brief summary necessary to our review.  The material facts are undisputed, except as noted.  The disputed facts are construed in favor of Ms. Lundahl.

Ms. Lundahl purchased a renters' insurance policy when she moved into an apartment in Oklahoma City.  She authorized a monthly withdrawal of $12 from her checking account for the policy.  At the time she purchased the policy, she was given a brochure from the apartment manager with a brief description of the insurance coverage.  As relevant here, the brochure stated that the insurance covered burglary, but that there were "limits and exclusions to the coverage.  It [was] not an 'all risk' coverage."  Aplt. App. Vol. 2, at 502.

According to PMAIC, on July 13, 2009, it mailed to Ms. Lundahl a Certificate of Insurance ("Certificate") and a Summary of Coverage ("Summary"), both of which provided burglary coverage "provided there are visible marks of . . . forcible entry upon the exterior of the premises."  *Id.* at 457, 482.  Ms. Lundahl testified that she did not recall whether she received or saw the brochure and that she did not receive the Certificate or the Summary.  *Id.* Vol. 1, at 209, 247-48.  The Bader Company ("Bader") received and decided insurance claims made on the renters' policy at issue.

On Wednesday, August 12, 2009, Ms. Lundahl noticed the lock to her apartment was hard to turn. She asked the apartment management to change the locks. Several days later, on Sunday, August 16, Ms. Lundahl discovered that several small items were missing from her apartment—a cell phone, a wedding ring, a passport, a camera, a watch, a key fob, and a garage door opener. She filed a police report, and two days later, on August 18, telephoned Bader to report a burglary at her apartment.

Upon receipt of this information, Bader requested that Ms. Lundahl complete the claim forms and provide various documents, including the police report and documents showing the value of the missing items. In addition to considering Ms. Lundahl's statement and documents, Bader reviewed the police report and interviewed the apartment manager by telephone. By letter dated October 22, 2009, Bader denied Ms. Lundahl's claim because its investigation had revealed no evidence of visible signs of forced entry, as required by the PMAIC policy for burglary coverage.

Ms. Lundahl then sent Bader photos of her door and the lock taken after the lock had been changed, requesting reconsideration. Bader declined to change its decision.

Ms. Lundahl filed the underlying lawsuit, alleging that PMAIC's refusal to cover her burglary losses breached the duty of good faith and fair dealing. She sought compensatory and punitive damages.

Discovery ensued. Eventually, Ms. Lundahl filed a motion to amend her complaint to allege claims under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-1968, and for fraud under Oklahoma state law. PMAIC filed a motion for summary judgment.

The district court denied Ms. Lundahl's motion to amend her complaint, concluding that amendment would be futile because the proposed amended complaint was subject to dismissal for failure to state a claim under RICO or state law. In ruling on the RICO claims, the district court held that the proposed amended complaint failed to allege with sufficient particularity under Fed. R. Civ. P. 9(b) the requisite two predicate acts, here, mail fraud and wire fraud. Therefore, the RICO conspiracy claim also failed. Similarly, the state law fraud claim failed for lack of particularity under Rule 9(b).

In a subsequent order, the district court then granted PMAIC's motion for summary judgment on Ms. Lundahl's surviving cause of action that PMAIC had breached its duty of good faith and fair dealing by failing to conduct a reasonable investigation of her insurance claim. The court rejected Ms. Lundahl's argument that the insurance documents were ambiguous, thereby also rejecting her claim that by inserting an ambiguous term in its contracts, PMAIC exhibited bad faith or that the ambiguity created a dispute as to whether the burglary was covered by the policy. After discussing the investigation Bader conducted on behalf of PMAIC, the court held that Ms. Lundahl had presented insufficient evidence that

PMAIC overlooked material facts in conducting the investigation or that a more thorough investigation would have produced additional relevant information that would have resulted in a different disposition of her claim. Accordingly, the court held that the undisputed evidence did not support a finding that PMAIC's investigation was inadequate, and therefore PMAIC was entitled to summary judgment on Ms. Lundahl's bad faith claim.

Ms. Lundahl appeals the order denying her request to amend her complaint. She contends that the district court erred in determining that her proposed amended complaint failed to allege with sufficient particularity her RICO and state law fraud claims. In addition, she asserts that she should have been granted leave to file a supplemental pleading to satisfy the particularity requirement.

Ms. Lundahl also appeals the order granting summary judgment in favor of PMAIC, arguing that the district court erred in not construing the ambiguous insurance contract in her favor. She further argues that the district court weighed disputed material facts and decided them against her.

## II. Discussion

"[W]e generally review for abuse of discretion a district court's denial of leave to amend a complaint." *Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010). Where leave was denied "based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Id.* (internal quotation marks

-5-

omitted).  Consequently, we apply the de novo standard to ascertain whether the proposed amended complaint could survive dismissal.  *See id.* at 1314-15.  "To survive a [motion to dismiss for failure to state a claim], a plaintiff must allege sufficient facts to make her claim for relief plausible on its face. . . .  If the allegations are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[] [has] not nudged [her] claims across the line from conceivable to plausible."  *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) (citations omitted) (internal quotation marks and ellipses omitted).

"We review the district court's grant of summary judgment de novo, applying the same standards that the district court should have applied."  *Cohen-Esrey Real Estate Servs., Inc. v. Twin City Fire Ins. Co.*, 636 F.3d 1300, 1302 (10th Cir. 2011) (internal quotation marks omitted).  Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "We examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party."  *Cohen-Esrey Real Estate Servs., Inc.*, 636 F.3d at 1302 (internal quotation marks omitted).  We apply the substantive law of the forum state, Oklahoma, to the state law claims.  *See id.*

Having carefully reviewed the briefs, the record, and the applicable law in light of the above standards we AFFIRM the district court's order denying leave

to amend the complaint and its entry of summary judgment in favor of PMAIC for substantially the reasons stated in its Orders issued on February 2, 2011. The district court denied leave to amend because amendment would have been futile, given the proposed amended complaint's failure to plead the RICO and fraud claims with sufficient particularity under Rule 9(b). The court granted summary judgment in PMAIC's favor on the bad faith claim, holding that the undisputed evidence showed the existence of a legitimate dispute over whether the burglary was covered by the policy, and that PMAIC's investigation was reasonable under the circumstances. Therefore, summary judgment was appropriate because Ms. Lundahl's evidence did not show bad faith or unreasonable conduct on the part of PMAIC.

As for Ms. Lundahl's claim that she should have been granted leave to file a supplemental pleading to satisfy the particularity requirement, she has "nowhere explained how a proposed amendment would cure the deficiencies identified by the district court." *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009). She has not attempted to demonstrate to the district court or this court how she could successfully again amend her complaint. Therefore, the district court did not abuse its discretion by not inviting another amended complaint. *See id.*

### III. Conclusion

The judgment of the district court is **AFFIRMED**.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge